**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION
CASE NUMBER:** 5:16-03110-JMC

| | |
|---|---|
| USAA General Indemnity Company,<br><br>                              Plaintiff,<br>vs.<br><br>Jarok Mccullough, Adrian C. Chandler, and Glendrella Green,<br><br>                              Defendants. | **COMPLAINT FOR DECLARATORY JUDGMENT**<br>**(Non-Jury)** |

The Plaintiff, USAA General Indemnity Company (hereinafter "USAA GIC"), seeks declaratory relief to determine the rights of the parties. Plaintiff respectfully alleges and shows as follows:

**JURISDICTION**

1.     USAA GIC is a corporation organized and existing under the laws of the State of Texas with its principal place of business in San Antonio, Texas. USAA GIC is authorized to transact business, including selling insurance policies in South Carolina, and USAA GIC sells insurance policies in South Carolina.

2.     Upon information and belief, the Defendant Jarok McCullough is a citizen and resident of Orangeburg County, South Carolina.

3.     Upon information and belief, the Defendant Adrian C. Chandler is a citizen and resident of Orangeburg County, South Carolina.

4.     Upon information and belief, the Defendant Glendrella Green, is a citizen and resident of Orangeburg County, South Carolina.

5. This action is brought under the provisions of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. and Rule 57, Fed. R. Civ. P.; there is a real and justiciable controversy

between the parties, and by these proceedings Plaintiff asks this Court to inquire into and declare the rights and obligations of the parties hereto arising out of the facts set forth below.

6. The amount in controversy exceeds Seventy Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interests and costs, and there is complete diversity of citizenship; therefore, this Court has jurisdiction to hear this matter under 28 U.S.C. §1332(a)(1) and (3).

7. Venue is proper in the Orangeburg Division in accordance with 28 U.S.C. §§ 121(4) and 1441(a).

## FACTUAL ALLEGATIONS

8. USAA GIC issued a policy of insurance, policy number 023919360G71020, with Adrian C Chandler as the named insured. The policy was originally to be in effect from April 15, September 15, 2015. The policy provides $25,000/$50,000 liability coverage limits and $25,000/$50,000 uninsured and underinsured coverage limits. The Policy lists four vehicles including a 2004 Dodge Stratus.

9. Upon information and belief, on his application for the policy, Chandler indicated that he was the registered owner and driver of a 2004 Dodge Stratus.

10. Upon information and belief, on his application for the policy, Chandler indicated that the 2004 Dodge Stratus was garaged at 1677 Johnson Street, Orangeburg, South Carolina.

11. The USAA GIC policy was applied for by Chandler. Upon information and belief, at the time Chandler completed the application for the USAA GIC policy, he was not the registered owner of the 2004 Dodge Stratus and the 2004 Dodge Stratus was not garaged at 1677 Johnson Street, Orangeburg, South Carolina.

12. Upon information and belief, at all times relevant to this action, Jarok McCullough was the registered owner and operator of the 2004 Dodge Stratus listed on the USAA Policy.

13.     Upon information and belief, at all times relevant to this action, Jarok McCullough did not reside at 1677 Johnson Street, Orangeburg, South Carolina.

14.     Upon information and belief, at all times relevant to this action, the 2004 Dodge Stratus listed on the USAA Policy was not garaged at 1677 Johnson Street, Orangeburg, South Carolina.

15.     Upon information and belief, at the time Chandler applied for the policy, Chandler sought coverage for the 2004 Dodge Stratus that he did not own or operate.

16.     Upon information and belief, on April 24, 2015, Jarok McCullough was operating the 2004 Dodge Stratus when he was involved in a single-car accident in Greeleyville, South Carolina.

17.     At the time of the single-car accident, Glendrella Green was a passenger in Jarok McCullough's vehicle.

18.     Upon information and belief, on December 21, 2015, Victoria Bethea, as Parent and Natural Guardian of Glendrella Green, filed a Summons and Complaint against Jarok McCullough in the Orangeburg County Court of Common Pleas, captioned <u>Victoria Bethea, as Parent and Natural Guardian of Glendrella Green v. Jarok McCullough</u>, Civil Action No. 2015-CP-38-01534 (hereinafter "the underlying state court action").

19.     Upon information and belief, Jarok McCullough did not provide USAA GIC with notice of the lawsuit or send USAA GIC any legal papers relating to the claim or suit.

**FOR A FIRST DECLARATION**

20.     USAA GIC repeats, re-alleges, and incorporates Paragraphs 1 through 18 as if fully set forth herein verbatim.

21. Chandler was aware at the time of application for the USAA GIC Policy that he was not the registered owner of the 2004 Dodge Stratus listed on the USAA GIC Policy

22. Chandler was aware at the time of application for the USAA GIC Policy that the 2004 Dodge Stratus listed on the USAA GIC Policy was not garaged at 1677 Johnson Street, Orangeburg, South Carolina.

23. Chandler was aware at the time of application for the USAA GIC Policy that Jarok McCullough was the registered owner and operator of the 2004 Dodge Stratus listed on the USAA GIC Policy.

24. Chandler was aware at the time of application that he did not own or operate the 2004 Dodge Stratus.

25. USAA GIC was not aware of these true facts at the time Chandler applied for the policy

26. Had USAA GIC been aware of these true facts, USAA GIC would not have provided coverage under the USAA GIC Policy for the 2004 Dodge Stratus.

27. Upon information and belief, Chandler intended to deceive USAA GIC in making one or more of these misrepresentations.

28. Upon information and belief, Chandler did not own nor was he liable for its use by any other person.

29. Therefore, Chandler, upon information and belief, Chandler did not have any insurable interest in the 2004 Dodge Stratus and the policy issued by USAA GIC for the vehicle is void.

**FOR A SECOND CAUSE OF ACTION**

30.     USAA GIC repeats, re-alleges, and incorporates Paragraphs 1 through 29 as if fully set forth herein verbatim.

31.     Therefore, USAA GIC seeks a declaration that coverage for the 2004 Dodge Stratus listed on the USAA GIC Policy be void *ab initio* based on the material misrepresentations of the Defendant Chandler.

**WHEREFORE**, USAA GIC prays that the policy issued to Chandler be declared void as to the 2004 Dodge Stratus based on the lack of any insurable interest on behalf of Chandler or in the alternative to declare the policy void *ab initio* based on the material misrepresentations of the Defendant Chandler.  USAA GIC further prays that the Court declare that the policy does not provide any coverage for any outstanding claims, whether known or unknown, involving the 2004 Dodge Stratus since the inception of the policy, that USAA has no duty to defend or indemnify Defendant McCullough, to provide underinsured motorist coverage to the Plaintiff and for such other and further relief as the court may deem just and proper.

                                                MURPHY & GRANTLAND, P.A.

                                                s/J.R. Murphy
                                                J.R. Murphy, Esquire
                                                4406-B Forest Drive (29206)
                                                Post Office Box 6648
                                                Columbia, South Carolina 29260
                                                (803) 782-4100
                                                (803) 782-4140 (facsimile)
                                                Attorney for Plaintiff

Columbia, South Carolina
September 13, 2016