# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| USAA General Indemnity Company, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No.: 5:16-cv-03110-JMC<br>)<br>) |
| Jarok Mccullough, Adrian C. Chandler, and Glendrella Green, | )<br>) **ORDER OF DEFAULT**<br>) **JUDGMENT AS TO DEFENDANT**<br>) **ADRIAN C. CHANDLER**<br>) |
| Defendants. | )<br>) |

This matter is before the court by way of a motion by USAA General Indemnity Company, ("Plaintiff") for default judgment as to Defendant Adrian C. Chandler, pursuant to Fed. R. Civ. P. 55(b)(2). (ECF No. 21.)

On September 14, 2016, Plaintiff filed a Complaint against Jarok Mccullough, Adrian C. Chandler, and Glendrella Green ("Defendants"), seeking a declaration that the automobile liability policy ("Policy") issued to Defendant Chandler be declared void as to the underlying vehicle in the automobile accident based on the lack of insurable interest on behalf of Defendant Chandler or in the alternative to declare the Policy void ab initio based on the material misrepresentations of Defendant Chandler. (ECF No. 1 at 5.) Furthermore, Plaintiff requests that the court declare that the Policy does not provide any coverage for any outstanding known or unknown claims for Defendants as a result of the underlying vehicle in the automobile accident since the onset of the Policy, and that Plaintiff has no duty to defend or indemnify Defendant McCullough or to provide underinsured motorist coverage. *Id.* Although Defendant Chandler was properly served with the Complaint (ECF No. 2), he has not answered or filed any responsive pleading. Pursuant to

1

Plaintiff's request, the Clerk of Court filed an entry of default against Defendant Chandler, and Plaintiff then moved for a default judgment. (ECF Nos. 20 and 21.)

I.  Introduction

Plaintiff filed a Complaint against Defendants on September 14, 2016. The action seeks a declaratory judgment against Defendants that the Policy issued to Defendant Chandler be declared void as to the underlying vehicle in the automobile accident based on the lack of insurable interest on behalf of Defendant Chandler or in the alternative to declare the Policy void ab initio based on the material misrepresentations of Defendant Chandler. Furthermore, Plaintiff requests that the court declare that the Policy does not provide any coverage for any outstanding known or unknown claims for Defendants as a result of the underlying vehicle in the automobile accident since the onset of the Policy, and that Plaintiff has no duty to defend or indemnify Defendant McCullough or to provide underinsured motorist coverage.

    A.  Jurisdiction and Venue

The court has subject matter jurisdiction on Plaintiff's claims pursuant to 28 U.S.C. § 1332 based on diversity of citizenship. The court has personal jurisdiction on Defendants because Plaintiff's principal place of business is located in Texas, and Defendants are citizens of the State of South Carolina, and the value of the Policy in this matter exceeds the sum of $75,000. Furthermore, venue in this district is proper under 28 U.S.C. § 1391 because all of the Defendants are citizens of the State of South Carolina.

    B.  Process and Service

The Summons and Complaint was served on Defendant Chandler on September 14, 2016. (ECF No. 2.)

C.  Grounds for Entry of Default

Defendant Chandler did not file an answer or other pleading, timely or otherwise, as reflected by a Request for Entry of Default Judgment and Plaintiff's Motion for Default Judgment as to Defendant Chandler. (ECF Nos. 19 and 20.) The Clerk of Court properly filed an entry of default as to Defendant Chandler on December 21, 2016. (ECF No. 20.)

D.  Motion for Default Judgment

On January 4, 2017, Plaintiff filed a Motion for Default Judgment, a copy of which it also served upon Defendant Chandler by mail on said date.

II.  Findings of Fact

Having reviewed Plaintiff's Complaint, Request for Entry of Default, Motion for Default Judgment, as well as all supporting and supplemental information provided, the court accepts Plaintiff's well-pled factual allegations as true and makes the following factual findings. *See DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.1 (4th Cir. 2009) (accepting plaintiff's allegations against defaulting defendant as true, noting a defaulting defendant "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (quoting *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)). As alleged in Plaintiff's Complaint, Plaintiff states that it was not aware of the true facts at the time Defendant Chandler applied for the Policy and had it been aware of the true facts, it would not have issued coverage under the Policy for the underlying vehicle in the automobile accident. . (ECF No. 1 at 4.)  Plaintiff believes that Defendant Chandler intended to deceive it by making material misrepresentations. *Id*.  First, Plaintiff asserts that Defendant Chandler was aware at the time of application for the Policy that he was not the registered owner of the underlying vehicle in the automobile accident, and was aware at the time

3

of application for the Policy that the underlying vehicle in the automobile accident listed on the Policy was not garaged at 1677 Johnson Street, Orangeburg, South Carolina. *Id.* Second, Plaintiff further asserts that Defendant Chandler was aware at the time of application for the Policy that Defendant Jarok McCullough was the registered owner and operator of the underlying vehicle in the automobile accident listed on the Policy. *Id.* Third, Plaintiff contends that Defendant Chandler was aware at the time of application that he did not own or operate the underlying vehicle in the automobile accident. *Id*.

III.   Analysis

Having found the facts set forth in Plaintiff's Complaint as deemed admitted by default, the court must ensure the Complaint sets forth a proper claim before entering default judgment. *See GlobalSanta Fe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) (considering facts and evaluating Plaintiff's claims prior to entry of default judgment in copyright action). The court considers whether Plaintiff has set forth claims for which relief can be granted pursuant to the standard of Fed. R. Civ. P. 12(b)(6).

   A.   Declaratory Judgment Action

In its Motion for Default Judgment, Plaintiff submits that he has met the principal criteria necessary to be awarded a declaratory judgment. "A declaratory judgment action is appropriate when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Penn-America Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004). When a defendant is in default for failure to respond to the complaint, the court should accept the facts pled in the complaint. See Fed. R. Civ. P. 8(b)(6); *see also DIRECT TV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.2 (4th Cir. 2009). "A defendant in default concedes the factual allegations of the

4

complaint." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Plaintiff requests a declaratory judgment action as to coverage under the Policy issued to Defendant Chandler. Plaintiff states that Defendant Chandler listed the vehicle involved in the underlying automobile accident as a registered vehicle on Plaintiff's insurance policy. However, at all times relevant to the case, Defendant McCullough was the registered owner. When the automobile accident occurred as stated in the Complaint, Defendant Green was a passenger in Defendant McCullough's car and sustained injuries. (ECF No. 21-1 at 2.)

Accordingly, this court finds that it is appropriate to enter judgment declaring that the Policy does not provide any coverage for any outstanding known or unknown claims as to Defendant Chandler as a result of the underlying vehicle in the automobile accident since the onset of the Policy.

IV. Conclusion

Based on the foregoing, and upon consideration of the Summons and Complaint, and the Motion for Default Judgment by Plaintiff (ECF No. 21), the court finds that Defendant Chandler is in default in this matter.

Accordingly, the court enters judgment in favor of Plaintiff USAA General Indemnity Company against Defendant Chandler, declaring that the Policy does not provide any coverage for any outstanding known or unknown claims for Defendant Chandler as a result of the underlying vehicle in the automobile accident since the onset of the Policy. Defendant Chandler is **ENJOINED** from taking any action contrary to the declarations stated above.

**IT IS SO ORDERED.**

_/s/ J. Michelle Childs_

Columbia, South Carolina
April 26, 2017

J. Michelle Childs
United States District Court