# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | | |
|---|---|---|
| USAA General Indemnity Company, | ) | |
| | ) | Civil Action No.: 5:16-cv-03110-JMC |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Jarok McCullough, Adrian C. Chandler, | ) | |
| and Glendrella Green, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court pursuant to Plaintiff USAA Indemnity Company's ("USAA") Motion for Default Judgment at to Defendant Jarok McCullough. (ECF No. 35.)

Plaintiff filed this Declaratory Judgment action on September 14, 2016 seeking declaratory judgment regarding an insurance policy issued to Defendant Chandler. (ECF No. 1.) Plaintiff brought the claim under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 (2012), and Rule 57 of the Federal Rules of Civil Procedure. This court has subject matter jurisdiction over the claim pursuant to 28 U.S.C. § 1332 (2012) based on the diversity of the parties' citizenship. (ECF No. 1.) By order of the court, Defendant McCullough was to be served by publication. (ECF No. 13.) Defendant was served by publication in The State Newspaper on January 22, 2017, January 29, 2017, and February 5, 2017. (ECF No. 24.) Defendant McCullough failed to answer or otherwise appear in this case. Plaintiff applied to the Clerk for entry of default, and the Clerk's entry of default was filed August 1, 2017. (ECF Nos. 34, 36.)

When a Defendant has failed to respond to the Complaint and is in default, the court should accept the facts as set forth in the Complaint. See Fed. R. Civ. P. 8(b)(6); see also Direct TV, Inc. v. Rawlins, 523 F.3d 318, 322 n2 (4th Cir. 2009) ("Due to [defendant's] default, we

accept [plaintiff's] allegations against him as true.); Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) ("A Defendant in default concedes the factual allegations of the Complaint."). Upon review of the Complaint, Plaintiff's Answers to Local Rule 26.01 Interrogatories, service documentation reflecting service upon Defendant, Plaintiff's Request for Entry of Default as to Defendant Jarok McCullough, Plaintiff's Motion for Default Judgment as to Defendant Jarok McCullough, and other supporting supplemental information, the court finds the following. Defendant Chandler in his application for insurance claimed to be the owner and driver of a 2004 Dodge Stratus garaged at 1677 Johnson Street, Orangeburg, South Carolina. He was not the registered owner and driver of a 2004 Dodge Stratus, and the car was not garaged at 1677 Johnson Street, Orangeburg, South Carolina. Thus, Defendant Chandler made material false representations to Plaintiff. Defendant Jarok McCullough, at all times relevant to this action, was the owner and driver of the Dodge Stratus and did not garage the car at 1677 Johnson Street, Orangeburg, South Carolina. Plaintiff relied on those misrepresentations and issued the policy in question to Chandler. If Plaintiff was aware of the truth, Plaintiff would have rejected Defendant's request for coverage.

Therefore, the court **GRANTS** Plaintiff's Motion for Default Judgment as to Defendant Jarok McCullough. (ECF No. 35.) The policy, since its inception, does not provide any coverage for outstanding claims, known or unknown, involving the 2004 Dodge Stratus, and USAA has no duty to defend or indemnify Defendant McCullough.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 27, 2017
Columbia, South Carolina