**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ORANGEBURG DIVISION**

| | | |
|---|---|---|
| USAA General Indemnity Company, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 5:16-cv-03110-JMC |
| v. | ) | |
| | ) | |
| Jarok McCullough, Adrian C. Chandler, and | ) | |
| Glendrella Green, | ) | |
| | ) | |
| Defendants. | ) | **ORDER AND OPINION** |
| ———————————————————— | ) | |

This matter is before the court pursuant to the parties' cross Motions for Summary

Judgment (ECF Nos. 37, 38).  For the reasons set forth below, the court **DENIES** Defendant

Glendrella Green's ("Defendant Green") Motion for Summary Judgment (ECF No. 37), and

**GRANTS** Plaintiff USAA General Indemnity Company's Motion for Summary Judgment (ECF

No. 38).[1]

# I.    JURISDICTION

This action is brought under the provision of the Federal Declaratory Judgment Act, 28

U.S.C. § 2201 *et seq.*  (ECF No. 1.)  The court has jurisdiction over this action pursuant to 28

U.S.C. § 1332.  Plaintiff is a corporation organized and existing under the laws of the State of

Texas with its principal place of business in San Antonio, Texas.  (ECF No. 1 at 1.)  All Defendants

are citizens and residents of Orangeburg, South Carolina.  (*Id.*)  The amount in controversy exceeds

$75,000.00.  (*Id.*)

---

[1] In this action, all three Defendants have been served, but only Defendant Green has answered.
(ECF No. 38-1 at 2.)  By Order dated April 26, 2017, the court granted Plaintiff's Motion for
Default Judgment as to Defendant Chandler for his failure to answer.  (ECF No. 26.)  On August
1, 2017, the court also granted an Entry of Default as to Defendant McCullough for his failure to
answer.  (ECF No. 36.)

## II.      RELEVANT FACTUAL BACKGROUND

### A.  The USAA General Indemnity Company Policy

Plaintiff issued a policy of automobile insurance to Defendant Chandler, Policy No. 023919360G71020 (the "Policy"), which was originally to be in effect from March 19, 2015 to September 15, 2015.  (ECF No. 38-2 at 1.)  The Policy provides liability coverage with bodily injury limits of $25,000 per person and $50,000 per accident and uninsured and underinsured coverage with bodily injury limits of $25,000 per person and $50,000 per accident.  (*Id*.)  At the time of the accident, the Policy insured three vehicles including the 2004 Dodge Stratus.[2]  (*Id*.)

### B.  Ownership and Garaging Address of the 2004 Dodge Stratus

On March 19, 2015, Defendant Chandler requested that Plaintiff add the 2004 Dodge Stratus, Vin No. 1B3EL36T74N209049 (the "Dodge Stratus"), to his Policy.  (ECF No. 38-2 at 2.)  At that time, Defendant Chandler represented that he was the registered owner and driver of the Dodge Stratus and that it was principally garaged at 1677 Johnson Street, Orangeburg, South Carolina.  (*See id*. at 1.)  However, Defendant Chandler was not the owner of the 2004 Dodge Stratus on the date the vehicle was added to the Policy or on the date of the accident.  (*See* ECF No. 38-3.)  Instead, Defendant McCullough, his son, was the registered owner of the 2004 Dodge Stratus both when the vehicle was added to Defendant Chandler's Policy and when the accident occurred.  (*Id*.; ECF No. 38-4 at 7.)

Defendant Chandler also misrepresented the garaging address of the Dodge Stratus.  He represented to Plaintiff that the Dodge Stratus was principally garaged at his home located at 1677 Johnson Street in Orangeburg.  (*See* ECF No. 38-2 at 1.)  However, at all times relevant to this

---

[2] The court notes that Plaintiff states that the Policy insured four vehicles (ECF No. 38-1 at 2), but the court is only aware of three vehicles (including the 2004 Dodge Stratus) according to the exhibit.  (*See* ECF No. 38-2 at 1.)

action, Defendant McCullough resided with his mother at 160 North Lake Drive, Orangeburg, South Carolina; Defendant McCullough did not live with Defendant Chandler. (ECF No. 38-4 at 5-6.) Moreover, at all times relevant to this action, the 2004 Dodge Stratus was principally garaged at Defendant McCullough's residence, not 1677 Johnson Street. (*Id*. at 4-5, 7, 8-9.) From the moment the 2004 Dodge Stratus was added to the Policy up to and through the time of the accident,– Defendant McCullough the owner of the Dodge Stratus – was also the only one who drove the vehicle. (*Id*. at 7-8.)

**C.  The Accident**

On April 24, 2015, Defendant McCullough was operating the 2004 Dodge Stratus when he was involved in a single-vehicle accident in Greeleyville, South Carolina. (ECF No. 7 at ¶ 16.) At the time of the accident, Defendant Green was a passenger in Defendant McCullough's vehicle. (*Id*.)

### III.    RELEVANT PROCEDURAL BACKGROUND

On December 21, 2015, Defendant Green filed a Complaint in the Orangeburg County Court of Common Pleas, alleging that Defendant McCullough was negligent in his operation of a 2004 Dodge Stratus, thereby proximately causing Defendant Green's injuries. *See Green v. Jarok McCullough*, Civil Action No. 2015-CP-38-01534 (hereinafter "the underlying action") (ECF No. 7 at ¶ 18.) That case continues to be litigated in state court. (ECF No. 37 at 2.)

On September 14, 2016, Plaintiff filed the present action against Defendants McCullough, Chandler, and Green. (ECF No. 1.) On August 1, 2017, Defendant Green filed a Motion for Summary Judgment asserting that she is entitled to summary judgment because (1) Plaintiff engaged in settlement negotiations with Defendant Green in the underlying state court litigation without first reserving its rights to deny coverage at a later date; and (2) Plaintiff has not produced

or identified any documentation or evidence supporting the claims set forth in its Complaint. (ECF No. 37.) On August 7, 2017, Plaintiff filed a response to Defendant Green's Motion. (ECF No. 40.) As to Defendant Green's first ground, Plaintiff espouses that evidence of an attempt to compromise or settle is inadmissible against the party who made the offer and inadmissible to prove liability. (*Id*.) "Further, neither the doctrines of waiver or estoppel create coverage where an insurance policy is void for lack of an insurable interest." (*Id*.) With regard to Defendant Green's second ground, Plaintiff posits that it did produce evidence to support its assertion that Defendant Chandler did not have an insurable interest in the 2004 Dodge Stratus. (*Id*.)

On August 1, 2017, Plaintiff filed a cross Motion for Summary Judgment stating that "because the undisputed evidence confirms Defendant Chandler did not have ownership or control over the 2004 Dodge Stratus and the vehicle was not maintained at his home, the Policy is void as to the Dodge Stratus, and the Policy provides no coverage for the April 24, 2015 accident." (ECF No. 38-1 at 2.)

## IV. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[I]n ruling on a motion for summary judgment, 'the evidence of the nonmovant[s] is to be believed, and all justifiable inferences are to be drawn in [their] favor.'" *Tolan v. Cotton,* ___ U.S. ___, 134 S. Ct. 1861, 1863 (2014) (per curiam) *(quoting Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986)).* A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving part[ies]," and a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson,* 477 U.S. at 248.

The movant bears the initial burden of demonstrating to the court that no genuine issues of material fact exist. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once this threshold showing has been made, the non-moving party cannot survive summary judgment by resting on the allegations in the pleadings. Rather, the non-moving party must provide specific, material facts giving rise to a genuine issue. *See id.* at 324. Under this standard, the mere scintilla of evidence is insufficient to withstand the summary judgment motion. *See Anderson*, 477 U.S. at 255 (1986).

## V.     ANALYSIS

### A.  Plaintiff's Motion for Summary Judgment

Plaintiff puts forth the argument that it is entitled to summary judgment because the named insured under its Policy, Defendant Chandler, did not have an insurable interest in the 2004 Dodge Stratus that he added to the Policy. Because Defendant Chandler was not the owner of the vehicle and did not have control over its use at all relevant times, Plaintiffs request a declaration from the court that its Policy is void as to the 2004 Dodge Stratus and no coverage is available for the April 24, 2015 accident at issue. (ECF No. 38.)

### 1.  Insurable Interest

"In this country, it is a rule of law that one cannot insure for his own benefit the property of another in which he has no interest." *Powell v. Ins. Co. of N. Am.*, 285 S.C. 588, 589–90 (Ct. App. 1985).[3] "In order to recover on a policy of insurance, the insured must prove an insurable interest in the property both at the time the policy is issued and becomes effective and at the time of the loss." *Id.* at 590. An "insurable interest" has been defined as follows:

> It may be said, generally, that anyone has an insurable interest in property who derives a benefit from its existence or would suffer loss from its destruction. An

---

[3] Because diversity jurisdiction exists, the issues in this case are governed by state law. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 73 (1938) ("Federal courts exercising jurisdiction in diversity of citizenship cases would apply as their rules of decision the law of the state.").

insurable interest in property is any right, benefit or advantage arising out of or
dependent thereon, or any liability in respect thereof, or any relation to or concern
therein of such a nature that it might be so affected by the contemplated peril as to
directly damnify the insured.

*Benton & Rhodes, Inc. v. Boden*, 310 S.C. 400, 403 (Ct. App. 1993) (quoting *Crook v. Hartford Fire Ins. Co.*, 175 S.C. 42, 48, (1935)). "Where an insurable interest does not exist at the time the contract for insurance was made, the insurance policy is void from its inception." *Nationwide Mut. Ins. Co. v. Smith*, 376 S.C. 60, 69 (Ct. App. 2007) (citing *Abraham v. New York Underwriters Ins. Co.*, 187 S.C. 70, 78 (1938).

An automobile insurance policy, like other forms of insurance, must be supported by an insurable interest in the named insured. *American Mut. Fire Ins. Co. v. Passmore*, 275 S.C. 618, 620 (1981) (citations omitted). In particular, liability insurance must be supported by an insurable interest in the named insured. *Id.* at 620. Likewise, uninsured motorist ("UM") coverage must be supported by an insurable interest. "UM coverage does not exist in and of itself, but rather is a requirement of and dependent on a valid automobile insurance policy." *Smith*, 376 S.C. at 66. "UM coverage, consequently, is indirectly dependent on the existence of an insurable interest." *Id.* at 67. In the same way, underinsured motorists ("UIM") coverage is indirectly dependent on the existence of an insurable interest. *See* S.C. CODE ANN. § 38-77-160 (2012).

### 2. The Policy

The Policy is void as to the Dodge Stratus because Defendant Chandler lacked the necessary ownership or control over the vehicle to create an insurable interest in the vehicle. In a similar case, *American Mut. Ins. Co. v. Passmore*, Lonnie Reed owned a vehicle under a purchase agreement, but asked a friend, Leaman Foxworth, to add the vehicle to Foxworth's insurance policy. 275 S.C. 618, 620 (1981). Foxworth – the named insured – agreed and requested that Reed's vehicle be added to his policy. *Id.* Subsequently, Reed's vehicle was involved in an

accident with a third party. *Id.* The purported insurer of the vehicle brought a declaratory judgment action to determine coverage. *Id.* The Supreme Court stated that "[l]iability insurance, like other forms of insurance, must be supported by an insurable interest in the named insured." *Id.*

While Foxworth was not the owner of the vehicle, the parties seeking coverage argued Foxworth had an insurable interest under the following liability theories: (1) a negligent entrustment theory, (2) a permissive use theory, and (3) an estoppel theory based on the insurer's acceptance of premiums and issuance of the policy. *Id.* at 621. The court held there was no potential liability for negligent entrustment because the named insured lacked ownership or control over the vehicle. *Id.* The court also held that the permissive use theory did not create an insurable interest in the named insured because Reed "did not fall within the 'defined' class warranting coverage under the Omnibus Clause." *Id.* The Court also rejected the estoppel argument and ultimately held that "the policy was illegal and the doctrine of waiver or estoppel may not be invoked to make it valid." *Id.* at 621-622.

Likewise, the Policy here is illegal and void because Defendant Chandler does not have an insurable interest in the Dodge Stratus. First, Defendant Chandler cannot establish an insurable interest through ownership because he did not own the Dodge Stratus. (*See* ECF No. 38-3; ECF No. 38-4 at 4-5, 7.) He did not own the vehicle when it was added to the Policy, and he did not own the vehicle at the time of the accident. *Id.*

Second, Defendant Chandler could not have an insurable interest in the Dodge Stratus under a negligent entrustment theory because he lacked ownership or control over the vehicle.[4] *In*

_____

[4] In South Carolina, ownership or control tantamount to ownership is an essential element of the tort of negligent entrustment. *See, e.g., Brantley v. Vaughan*, 835 F. Supp. 258, 262 (D.S.C. 1993) ("Under the theory of negligent entrustment, 'the owner or one in control of

a factually similar case, *USAA Prop. & Cas. Ins. Co. v. Clegg*, the insurer brought a declaratory judgment action requesting a declaration that it had no duty to defend its named insured against an action arising out of a single-vehicle accident caused by his non-resident, 19-year-old son. 377 S.C. 643, 647 (2008). The named insured's son was driving his own vehicle at the time of the accident. *Id.* The plaintiff in the underlying suit brought a negligent entrustment claim against the father. *Id.* at 648. The court held that the father could not even be "potentially liable for the claim of negligent entrustment" arising out of his adult son's allegedly negligent use of the son's own vehicle. *Id.* at 658. As a matter of law, the necessary element of ownership or control for a negligent entrustment claim was missing under these factual circumstances. *Id.* at 658.

Like the father in *Clegg*, Defendant Chandler cannot be liable under a negligent entrustment theory for the damage sustained in the motor vehicle accident. The same factual circumstances present in *Clegg* are also present in this action. The named insured's son, Defendant McCullough, was driving a vehicle owned by Defendant McCullough when he was involved in a single-vehicle accident. (ECF No. 7 at ¶¶ 16-17; ECF No. 38-3; ECF No. 38-4 at 6-7.) Defendant McCullough did not live with his father at the time of the accident. (ECF No. 38-4 at 5-6.) The parent of an emancipated adult child is not liable for the child's alleged negligent acts while driving a vehicle that is not owned by the parent. *Clegg*, 377 S.C. at 659. Thus, Defendant Chandler did not have an insurable interest in the 2004 Dodge Stratus through liability under a negligent entrustment theory. There is no liability under that theory.

---

the vehicle and responsible for its use who is negligent in entrusting it to another can be held liable for such negligent entrustment."); *Passmore*, 275 S.C. at 618 ("Essential elements of this cause of action are absent: (1) Foxworth did not own the car; (2) he did not have control over the car; and (3) he was not responsible for its use.").

Third, Defendant Chandler did not have an insurable interest in the Dodge Stratus through a permissive use theory because Defendant McCullough does "not fall within the 'defined' class warranting automatic coverage under the Omnibus Clause." *See Passmore*, 275 S.C. at 621. The Policy's omnibus clause provides coverage for the named insured, the named insured's resident spouse, and resident relatives of either of the foregoing. (ECF No. 38-2 at 4.) At the time of the accident, Defendant McCullough did not reside with Defendant Chandler at 1677 Johnson Street, Orangeburg, South Carolina. (*See* ECF No. 38-4 at 5-6.) As a non-resident relative, Defendant McCullough did not fall within the defined class warranting automatic coverage.

Finally, the South Carolina Supreme Court has already stated that where a policy is invalid for lack of an insurable interest "the doctrine of waiver or estoppel may not be invoked to make it valid." *Passmore*, 275 S.C. at 622 (citing *Hack v. Metz, et al.*, 173 S.C. 413 (1934)); *see also Abraham v. New York Underwriters Ins. Co.*, 187 S.C. 70 (1938) (recognizing "[n]either the doctrine of waiver nor the doctrine of estoppel can be invoked to give legality" to a contract where there exists no insurable interest, and thus, it is "absolutely null and void from its inception"). The waiver/estoppel defense Defendant Green raised in her Answer cannot be invoked to create coverage. (*See* ECF No. 7 at ¶ 35-36.)

Based on the foregoing reasons, the court finds that there is no genuine issue of material fact as to Plaintiff's assertion that Defendant Chandler did not have an insurable interest in the 2004 Dodge Stratus.

### B. Defendant Green's Motion for Summary Judgment

Defendant Green postulates that she is entitled to summary judgment because (1) Plaintiff engaged in settlement negotiations with her in the underlying state court litigation without first

reserving its rights to deny coverage at a later date; and (2) Plaintiff has "not produced or identified any documentation or evidence supporting the claims set forth in its Complaint." (ECF No. 37.)

### 1. Settlement Negotiations

Under South Carolina law, Defendant Green's allegation that Plaintiff entered into settlement negotiations with Defendant Green is immaterial to the issue of coverage. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (A fact is deemed "material" if proof of its existence or nonexistence would affect disposition of the case under applicable law.). Defendant Green asserts that Plaintiff is estopped from denying coverage because it allegedly entered into settlement negotiations with Defendant Green prior to this action. (ECF No. 37 at 1, 4.) "Evidence of an offer or attempt to compromise or settle a matter in dispute cannot be given in evidence against the party by whom such offer or attempt was made." *Hunter v. Hyder*, 236 S.C. 378, 387 (1960); *Commerce Ctr. of Greenville, Inc. v. W. Powers McElveen & Assocs., Inc.*, 347 S.C. 545, 558 (Ct. App. 2001) (evidence relating to settlements is generally not admissible to prove liability). Consequently, Defendant Green's Motion is denied as to this ground.

### 2. Plaintiff's Evidence

The court, in discussing Plaintiff's Motion for Summary Judgment, has already established that Plaintiff has presented the only necessary evidence to support its assertion that Defendant Chandler does not have an insurable interest in the 2004 Dodge Stratus (*i.e.*, the Policy and the certified title documents). (*See* ECF Nos. 38-2, 38-3.) Moreover, Defendant Green testified to the facts necessary to show that Defendant Chandler did not have an insurable interest. (*See* ECF No. 38-4 at 4-8.) Therefore, Defendant Green's Motion for Summary Judgment is denied.

## VI.  CONCLUSION

Based on the foregoing, the court declares that the Policy is void as to the 2004 Dodge Stratus and there is no coverage available for the April 24, 2015 accident at issue.  Accordingly, the court **DENIES** Defendant Green's Motion for Summary Judgment (ECF No. 37) and **GRANTS** Plaintiff's Motion for Summary Judgment (ECF No. 38).

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

February 23, 2018
Columbia, South Carolina